IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACK WADE WARREN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-cv-905-DRH |
| | ) |
| LISA J.W. HOLLINGSWORTH, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner Jack Wade Warren, currently incarcerated in the United States Penitentiary in Marion, Illinois, is certainly verbose. Before the Court is a 57-page petition for writ of habeas corpus,[1] filed pursuant to 28 U.S.C. § 2241. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Warren is not entitled to relief, and the petition must be dismissed.

Although the petition is neatly typed, it is difficult to understand Warren's claims. The gist of the petition, though, is this: Warren alleges that he is an Ambassador from and of the Kingdom

---

[1] The petition is supplemented with almost 300 pages of exhibits.

of Heaven. As such, he is not a citizen of the United States, and thus is not subject to federal statutes. It follows, therefore, that the United States, acting through the Department of Justice, had no authority to prosecute, convict, or imprison him for any charged violation of any federal law. In short, Warren challenges the validity of three different federal convictions: *United States v. Warren*, Case No. 83-cr-138 (N.D. Tex., filed Aug. 1, 1983)[2]; *United States v. Warren*, Case No. 95-c4-209-ACC (M.D. Fla., filed Sept. 28, 1995)[3]; *United States v. Warren*, Case No. 96-cr-064-SDM-TBM-9 (M.D. Fla, filed March 15, 1996).[4]

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255."). Essentially, this action is an effort to challenge the validity of Warren's convictions and sentences, which is, in substance, a collateral attack on convictions that must be pursued under 28 U.S.C. § 2255. *See United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005).

---

[2] Details for this case are not available on PACER. However, from the petition and exhibits, it appears Warren was convicted of violating 21 U.S.C. § 846 and sentenced to 12 years imprisonment (*see* Exhibit A, Doc. 1-1, p. 2).

[3] Warren convicted on five counts of fraud and swindling, and attempt to influence/injure an officer/juror/witness to impede administration of justice. He was sentenced to 211 months imprisonment, 5 years supervised release, over $15,000 in restitution, and $25,000 fine.

[4] Warren convicted on ten counts involving conspiracy to injure/threaten an officer, and making threatening mail communications. He was sentenced to aggregate 240 months imprisonment and 3 years supervised release.

> Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Id.* at 980.

In this case, where it is clear that Warren has already filed one collateral attack against each of his three convictions, the Court is required to construe the instant motion as a second or successive collateral attack. *Lloyd*, 398 F.3d at 980. Because Warren has not shown that he has been granted leave to file such a successive collateral attack for even one of his convictions, the Court has no choice but to dismiss this action; this Court has no jurisdiction to consider the claims presented. *See* 28 U.S.C. § 2255, ¶ 8; *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). If Warren wishes to pursue these claims further, he must do so in the court where he was convicted, after having obtained leave to do so from the appropriate federal court of appeals.

In summary, this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** for lack of jurisdiction.

    **IT IS SO ORDERED.**

    **DATED: April 22, 2010.**

    /s/    DavidRHerndon
    **CHIEF JUDGE**
    **UNITED STATES DISTRICT COURT**